# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEWEY TURNBOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| BLUE CLEAR LLC d/b/a SOUTH | ) |
| SIDE STORIES PROPERTY | ) |
| MANAGEMENT, JONATHAN | ) |
| MICKELSON, and JULIAN | ) |
| MICKELSON, individually, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff, Dewey Turnbow ("Plaintiff"), by and through his attorneys, Laura A Balson, Esq., Ashley L. Orler, Esq. and Avraham Y. Allen, Esq. of Golan Christie Taglia LLP, complains against Defendants, Blue Clear LLC d/b/a South Side Stories Property Management ("Blue Clear"), Jonathan Mickelson ("Jonathan") and Julian Mickelson ("Julian," and collectively with Blue Clear and Jonathan, "Defendants") as follows:

### Nature of Action

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for Defendants' misclassification of Plaintiff as an "exempt" employee and Defendants' failure to pay Plaintiff at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty per workweek during his employment at Blue Clear.

2. This lawsuit also arises under the Illinois Wage Payment Collection Act, 820 ILCS 115 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff all earned wages in a timely manner.

## Parties

2. Plaintiff is an individual who resides in and is domiciled within this judicial district.

3. Defendant Blue Clear is a company engaged in the rental housing and property management business. Its principal office is located at 333 W. North Ave., #415, Chicago, IL 60610.

4. Jonathan, an individual, is the managing member and co-owner of Blue Clear and along with his brother, and co-Defendant, Julian, runs the day-to-day business operations of the company.

5. Julian, an individual, is the managing member and co-owner of Blue Clear and along with his brother, and co-Defendant, Jonathan, runs the day-to-day business operations of the company.

6. Plaintiff is a former employee of Blue Clear.

7. During Plaintiff's employment at Blue Clear, Jonathan and Julian were each responsible for employee compensation decisions, including compliance with the FLSA and IWPCA.

## Jurisdiction and Venue

8. This Court has jurisdiction over the action arising under the FLSA pursuant the express provisions of 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction to over the action arising under the IWPCA pursuant to 28 U.S.C § 1367, as the facts constituting the IWPCA claim arise as part of the same case or controversy as the FLSA claim.

10. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district, and Plaintiff is a resident of this district.

**Factual Allegations**

11. Plaintiff was employed by Blue Clear for many years as a Maintenance Technician, until his termination in December 2016.

12. Plaintiff's job duties consisted of routine maintenance around many of the properties owned by Defendants, such as fixing broken appliances and leaky drains, painting, and other general maintenance of the units.

13. Plaintiff's job duties did not include supervising other employees. He could not hire, discipline, and/or terminate other employees.

14. Plaintiff did not have the authority to make significant decisions on behalf of his employer.

15. Plaintiff's job did not require or involve the use of discretion or independent judgment.

16. Plaintiff's job did not require specialized skill or training.

17. The Department of Labor has issued an opinion letter stating that maintenance personnel do not fit into any of the 'overtime exemptions', and thus must be paid at the rate of one and a half times their regular rate of pay for all hours worked in excess of forty (40) per work week. A copy of the DOL opinion letter is attached hereto as **Exhibit 1**.

18. Throughout Plaintiff's employment, he regularly worked at least sixty (60) hours per week, and also frequently worked as an 'on-call' technician for when maintenance emergencies arose during non-business hours.

19. Blue Clear directed Plaintiff to work in excess of forty (40) hours per week while in Blue Clear's employ, but did not compensate Plaintiff for such excess hours.

20. As managing members and co-owners at Blue Clear throughout the time of Plaintiff's employment, Jonathan and Julian had the authority to hire and fire employees; direct and supervise the work of employees; sign Blue Clear's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation and capital expenditures.

21. Both Jonathan and Julian were responsible for supervision of the human resource functions at Blue Clear, including compliance with the FLSA.

22. Jonathan and Julian were personally aware of and permitted Plaintiff to work in excess of forty (40) hours per week.

23. At the time his employment ended, Blue Clear paid Plaintiff a salary of $60,000 per year.

24. Plaintiff was entitled to be paid at the rate of one and one half times his regular rate of pay ("overtime") for all hours worked in excess of forty (40) per workweek.

25. Blue Clear never paid Plaintiff at the rate of one and one half times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

26. Jonathan and Julian knew of the obligations of the FLSA and determined that Blue Clear would pay some other employees overtime for hours worked in excess of forty (40) per workweek.

27. Defendants acted in bad faith in failing to compensate Plaintiff at the rate of one and one half times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

28. Defendants were aware of their obligations to pay Plaintiff overtime pay, and intentionally chose not to pay Plaintiff accordingly.

## Count I
## Violation of the Fair Labor Standards Act

29. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 28 of the Complaint.

30. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendants' failure to comply with 29 U.S. C. § 201 *et seq*. and 29 U.S.C. § 251 *et seq*.

31. At all relevant times, Plaintiff was an "employee" subject to the Fair Labor Standards Act ("FLSA"), and Defendants were "employers" subject to the FLSA.

32. Pursuant to 29 U.S. C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one half times his normal hourly rate of pay.

33. Defendants never compensated Plaintiff at the rate of one and one half times her regular rate of pay, in violation of 29 U.S. C. § 207.

34. Defendants' failure to pay compensation to Plaintiff at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek, is a willful violation of the FLSA since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

35. Plaintiff is entitled to damages equal to all unpaid overtime plus an additional amount as liquidated damages equal to the amount of his unpaid wages.

36. Additionally, pursuant to the FLSA, Plaintiff is entitled to have his reasonable attorneys' fees and other costs paid by Defendants.

**WHEREFORE**, Plaintiff, Dewey Turnbow, respectfully requests that this Court find in his favor and enter judgment against Defendants, Blue Clear LLC d/b/a South Side Stories Property Management, Jonathan Mickelson, and Julian Mickelson, individually, for damages in the amount of: (i) all unpaid overtime wages earned during his employment by Defendants; (ii) an additional amount as liquidated damages equal to the amount described in (i); (iii) his attorneys' fees and costs in bringing this action; and (iv) award such other further relief as this Court deems just and proper under the circumstances.

## Count II
## Violation of the Illinois Wage Payment Collection Act

37. Plaintiff repeats and makes a part hereof each and every allegation contained in Paragraphs 1-36 of the Complaint.

38. At all relevant times, Plaintiff was an "employee" subject to the IWPCA, and Defendants were "employers" subject to the IWPCA.

39. Pursuant to 820 ILCS 115/4, Plaintiff was to be paid the amount of all wages earned within thirteen (13) days of the pay period.

40. As noted above, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one half times his normal hourly rate of pay.

41. Plaintiff routinely worked sixty (60) hours per week, but was never compensated at the rate of one and half times his normal hourly rate of pay for the extra twenty (20) hours per week, in violation of 820 ILCS 115/4.

42. Defendants' willful nonpayment of wages to Plaintiff at a rate of one and a half times his normal hourly rate for the extra twenty (20) hours that Plaintiff worked each week constitutes an underpayment.

43. Plaintiff is entitled to damages equal to the amount of the underpayments along with an amount equal to 2% of the amount of any such underpayment for each month following the date of payment during which such underpayment remains unpaid.

44. Additionally, pursuant to the IWPCA, Plaintiff is entitled to his costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, Dewey Turnbow, respectfully requests that this Court find in his favor and enter judgment against Defendants, Blue Clear LLC d/b/a South Side Stories Property Management, Jonathan Mickelson, and Julian Mickelson, individually, for damages in the amount of: (i) all unpaid overtime wages earned during his employment by Defendants; (ii) an additional amount as liquidated damages equal to the amount described in (i); (iii) an amount equal to 2% of the amount of each underpayment for each month following the date of payment during which said underpayment remains unpaid; (iv) his attorneys' fees and costs in bringing this action; and (v) award such other further relief as this Court deems just and proper under the circumstances.

Dated: February 14, 2017

Laura A. Balson, Esq. (#6291377)
Ashley L. Orler, Esq. (#6297339)
Avraham Y. Allen, Esq. (#6308469)
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
labalson@gct.law
alorler@gct.law
ayallen@gct.law

Respectfully submitted,

DEWEY TURNBOW

By: /s/Laura A. Balson
    One of His Attorneys